IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR42 |
| | ) | |
| v. | ) | |
| | ) | |
| ADRIAN HUDSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Adrian Hudson's motion to reduce sentence pursuant to the crack cocaine amendment 706 and request for evidentiary hearing and oral argument on the motion, Filing No. 53. The government has filed a brief in response to the motion, Filing No. 56.

The defendant pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). He was sentenced on December 14, 2006, to 92 months' imprisonment to be followed by three years of supervised release. The defendant's sentence represented a sentence at the low end of the guideline range for an adjusted offense level of 23 (92-115 months), and criminal history category VI under the United States Sentencing Guidelines.

The defendant argues that he is entitled to a two-level reduction in his sentence under amendment 706. In addition to the 2-level reduction, the defendant argues the court should conduct a full resentencing and further reduce his sentence under 18 U.S.C. § 3582(c)(2).

The government agrees that under amendment 706, the total offense level would be reduced from a level 23 to a level 21. However, the government disagrees that the court has the authority to further reduce the defendant's sentence, and that even if the court has the authority, that it should not do so in this case.

The facts and legal contention are adequately presented in the materials before the court and argument would not aid the decision process. Thus, the court finds neither an evidentiary hearing nor oral argument is warranted. The court agrees that the defendant is entitled to a two-level reduction in his sentence and will enter a separate Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) containing the new sentence. However, the court disagrees that the defendant is entitled to a further reduction. Without determining whether the court has the authority to conduct a full resentencing, the court determines that a sentence within the guidelines is appropriate and the court is not inclined to further reduce the defendant's sentence.

IT IS ORDERED:

1. Defendant's motion to reduce sentence pursuant to crack cocaine amendment 706 (Filing No. 53) is granted in part and denied in part; and

2. The defendant's request for an evidentiary hearing and oral argument is denied.

DATED this 9th day of September, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge